DECISION
Before the Court is an appeal from a decision of the Department of Business Regulation ("Department"). Labor Ready Northeast, Inc. ("appellant") seeks reversal of the Department's decision that appellant was engaged in the business of check cashing without a license. Jurisdiction in this Court is pursuant to R.I.G.L., 1956 § 42-35-15.
 FACTS AND TRAVEL
This matter arises out of a letter issued to appellee on or about May 31, 2001 from the Division of Banking ("Division") regarding suspect unlicensed check cashing activities being conducted by the appellant in numerous locations in the State of Rhode Island. Based upon information and belief that appellant is operating an unlicensed check cashing business, the Department issued an Order to Show Cause and Notice of a Hearing on August 9, 2001. The Department rendered a decision in this matter after hearing oral arguments, on March 13, 2002. Appellant brings this appeal against the Department, seeking reversal of its decision that Labor Ready Northeast, Inc. (Labor Ready) was engaged in the business of check cashing without a license.
The Department and Labor Ready filed a Joint Statement of Facts, leaving only the issue of statutory construction. The following is a summary of the pertinent facts contained therein:
The appellant is a temporary day labor services provider that operates 3 branches in the State of Rhode Island. Its day-to-day operations are handled at the branch level. Workers report to the branch in the morning and sign in to indicate they are available for work. The appellant's branch managers review the day's list of customer requests for temporary workers, and dispatch workers accordingly. The workers return to the branch at the end of the day to be paid, either by check or through a computer system.
Each day Labor Ready gives its workers the option of receiving their wages via a paycheck or cash. If a worker chooses to be paid by check, the appellant does not cash these checks. If workers elect to be paid in cash, their payment is dispensed from a Cash Dispensing Machine (CDM), located inside the appellant's branch offices. Workers gain access to the CDM by punching in an individual access code, which is printed on the worker's pay stub (hereinafter referred to as "voucher"). The worker's wages, minus a fee of $1.00 plus the amount of change on the check are dispensed in cash. The CDM's sole function is to pay workers their wages in cash.
A worker's choice to use the CDM is voluntary. Workers are asked both at the time of hire and everyday that they present a work ticket, whether he or she would like to be paid via check or in cash.
Labor Ready claims that the voucher used to gain access to the CDM does not fall within the meaning of a "check", as defined by R.I.G.L. §19-14-1 and further asserts that it is not engaged in the business of check cashing. For these reasons, appellant requests that the Decision be reversed.
 STANDARD OF REVIEW
This Court has an obligation to defer to an agency's interpretation of a statute only in cases where the words are unclear or subject to more than one reasonable interpretation. In re: Lallo, 768 A.2d 921 (R.I. 2000). Such deference is also inappropriate where an agency's interpretation of a statute is clearly erroneous or unauthorized by law. Id. Because the Director failed to apply ordinary principles of statutory construction, this Court finds the Director's decision to be clearly erroneous. As such, deference is unnecessary and it is therefore within this Court's authority to undertake its own inquiry.
 DISCUSSION
The gravamen of the appellant's arguments is that R.I.G.L. § 19-14-1
is clear and unambiguous in defining the term "check" and that the voucher distributed to its workers falls outside the meaning of "check" as defined by the statute. The statute reads in part:
 "`Check' means any check, draft, money order, personal money order, or other instrument for the transmission or payment of money. For the purposes of check cashing, travelers checks or foreign denomination instruments shall not be considered checks. `Check cashing' means providing currency for checks." R.I.G.L. § 19-14-1
Both parties agree that the voucher is not a draft, money order or personal money order, leaving the only issue remaining to be whether the voucher constitutes an "instrument." The appellee asserts that the voucher does constitute an "instrument," and in turn a "check," thereby subjecting the appellant to regulation under the statute.
A well-settled rule of statutory construction is that words must be given their plain and ordinary meaning. Likewise, "all words and provisions of statutes are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant, or superfluous." Mosquera-Perez, 3 F.3d at 556. Applying the foregoing principles to the instant matter, it is apparent that the interpretation the Director adopts fails to comply with either of these rules. The plain meaning of the term "instrument" is a "negotiable instrument" and the Director's interpretation neither comports with this definition nor avoids redundancy. The Director's interpretation of the term "instrument" is both broad and expansive and would render the preceding words in the statute (i.e. "draft, money order, personal money order") as both redundant and superfluous.
It is also a well-settled principle that when words are undefined in a statute, a court must give meaning to such terms "in accordance with their ordinary or natural meaning in the context in which they arise." John, et al. v. U.S. 247 F.3d 1032 (9th Cir. 2001), citing Asgrow Seed Co. v. Winterboer, 513 U.S. 179, 187, 130 L.Ed.2d 682, 115 S.Ct. 788 (1995). Because the words "other instrument" are undefined by the statute it is appropriate to look to sources outside the statute's own language for guidance as to its meaning. The Director properly looked to the Black's Law Dictionary and the Uniform Commercial Code ("UCC") to aid in determining what an "instrument" is for purposes of R.I.G.L. § 19-14-1, however erred in failing to ascribe any meaning whatsoever to the term "instrument." This Court now undertakes to ascribe such a meaning.
The Black's Law Dictionary definition of "instrument" establishes that an "instrument" may be either:
 "A written document; a formal or legal document in writing, such as a contract, deed, will, bond, lease. A negotiable instrument (defined in U.C.C. § 3-104), or a security (defined in U.C.C. § 8-102) or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in the ordinary course of business transferred by delivery with any necessary indorsement or assignment. U.C.C. § 9-105(1)." Black's Law Dictionary, 5th edition (1979).
Clearly, the voucher at issue is not a contract, deed, will, bond, lease, negotiable instrument, or security. The question is whether the voucher is a "writing which evidences a right of payment and in the ordinary course of business is transferred by delivery with any necessary indorsement or assignment." The Director simply concludes that the voucher is this sort of a writing, however this Court disagrees.
In analyzing whether the vouchers distributed by the appellant fall within the Black's Law Dictionary meaning, two reasons surface as to why they cannot be considered "instruments." First, Labor Ready's vouchers do not evidence any right of payment. Second, the vouchers are not delivered or transferred in any way. The vouchers are not presented in any way whatsoever for payment. Rather they remain in the possession of the worker punching in the access code. For these reasons, the voucher cannot be considered an "instrument."
It is also proper to look to the Uniform Commercial Code, which deals largely with financial transactions, to ascertain the meaning of the term "instrument." As defined by in R.I.G.L. § 6A-3-104(b) "instrument" means "a negotiable instrument." Although the Director overlooked the meaning provided by R.I.G.L. § 6A-3-104(b), this Court feels as though this statute is particularly relevant in determining the intent of the General Assembly and the meaning of the term as used in R.I.G.L. § 19-14-1. In applying the UCC definition, it is clear that the voucher falls outside the meaning because it is not a negotiable instrument, and if it is not a negotiable instrument it cannot be a check under § 19-14-1.
Lastly, the Director relied upon her erroneous conclusion that the voucher was a "check" in deciding that Labor Ready is engaged in the business of "check cashing." However this Court, in making its own determination, concludes that the voucher is not a check and therefore the appellant is not engaging in the business of "check cashing." Even assuming arguendo that Labor Ready's voucher is a "check" for the purposes of § 19-14-1, Labor Ready does not provide currency "for" a check because (1) Labor Ready never takes possession of the voucher; and (2) Labor Ready provides currency instead of a check, and not for the voucher. There is no transfer whatsoever.
 CONCLUSION
For the foregoing reasons, this Court finds that the appellant is not engaging in the business of check cashing without a license. The Department's decision must be reversed.
Counsel for Labor Ready shall prepare and present an appropriate order for entry.